IN THE SUPERIOR COURT OF GUAM

HERMAN SKIPPER,

        Plaintiff,

vs.

MARJORIE A. CABRERA

        Defendant.

CIVIL CASE NO. CV1904-10

DECISION AND ORDER

This matter came before the HONORABLE VERNON P. PEREZ on March 5, 2012. Attorney Terrence Brooks represented Plaintiff. Attorney Phillip Torres represented Defendant. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Plaintiff has asked this Court to amend its Findings of Fact and Conclusions of Law filed on November 3, 2011. The basis for the request stems from this Court not including the face value of the checks in the judgment. The Court awarded Plaintiff $1,800.00 for the series of bad checks filed under the provisions of 20 GCA §§ 6104 and 6105. Plaintiff now asserts that the Court should amend its previous order.

## DISCUSSION

As to the matter of Plaintiff's Motion being timely, the Court will allow the Motion as proper. [1] The Court did not award the face value of the checks because the Court was under the impression, from testimony, that Defendant paid the entire amount due at some point after the inception of this case. The Court believed that Defendant paid what was owed under the settlement as Parties explained multiple times that the bad checks were the only issue remaining in the matter. Clearly, Plaintiff is owed the amount due under the settlement in addition to the statutory award allowed for each bad check and related attorney's fees. 20 GCA § 6104. Here, the Court did make an oversight as to the fact that Defendant has not yet fully complied with the

---

[1] The issue of finding Plaintiff's Motion proper is a matter of the Court's discretion. CVR 7.1(2010).

agreement made with Plaintiff. Plaintiff included in his complaint that Defendant failed to pay the face value of the bad checks. Therefore, including that amount now is proper. The amount owed for the bouncing of checks will remain the same at $1,800.00 as discussed in the Findings of Fact and Conclusions of Law and the Court will now determine how much is remaining under the agreement that is owed to Plaintiff.

Defendant attempted to pay the total amount of $1,704.00 with six different checks, which is undisputedly owed to Plaintiff. The Court believed that Defendant at some point paid this amount and the only remaining issue before the Court was the bad checks award.[2] The Court recognizes the mistake in its evaluation of the facts and will amend the Findings of Fact and Conclusions of Law as such:

> 10. For the total amount owed to Plaintiff under the settled agreement, the Court finds and concludes that Defendant must pay $1,704.00. If Defendant already paid this sum in completion of the settlement, she will not be obligated to make further payment. As it stands, the Court finds Defendant in breach of a settlement by failing to tender full payment to Plaintiff.

This paragraph will be added as the last section to the Findings of Fact and Conclusions of Law. Plaintiff's Motion to Amend Judgment is GRANTED. The following conclusion will also replace the Conclusion in the Court's previous Findings of Fact and Conclusion of Law filed on November 3, 2011.

## CONCLUSION

Court enters judgment in Plaintiff's favor for the amount of $1,800.00 for the bad checks and $1,704.00 for the remaining obligations of the settlement.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

MAR 1 2 2012
20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

So ORDERED this 12th day of March, 2012.

Original Signed By:
HON. VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

---

[2] The Court reviewed the hearing and mistakenly believed that bad checks to be the sole issue before the Court. *See* Plaintiff's Attorney arguing at 10:55a.m. and again at 11:17a.m. on October 27, 2011. Now looking at the record, testimony of the Parties and the complaint, it is clear that the Defendant has indeed not paid under the settlement and the matter of bad checks is not the sole issue before the Court at bench trial.

*Herman Skipper v. Marjorie Cabrera*
Decision and Order
Civil Case No. CV1904-10                    - Page 2 of 2 -